**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. CARTIA GALBREATH,<br><br>        Plaintiff,<br><br>v.<br><br>1. T.S. DUDLEY LAND COMPANY, INC.,<br><br>        Defendant. | Case No. CIV-14-569-C<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Cartia Galbreath, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is T.S. Dudley Land Company, Inc., a company doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for gender discrimination including discrimination in pay in violation of Title VII of the Civil Rights Act, the Equal Pay Act of the Fair Labor Standards Act (29 U.S.C. § 206(d)) and the Oklahoma Anti-Discrimination Act (OADA). Plaintiff also asserts claims for race discrimination and retaliation after Plaintiff complained of such discrimination, in violation of 42 U.S.C. § 1981. Jurisdiction over the federal claims is vested in this Court under by 29 U.S.C. § 216, 42 U.S.C. §2000e-5(f)(1), and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. Many of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Defendant is an energy service company that provides personnel and services to the energy industry, and operates in Oklahoma and other states including Colorado, Texas and Arkansas, and has an annual revenue of more than five-hundred thousand dollars such that it is an employer subject to the Fair Labor Standards Act.

6. For the reasons set out in para. 5, above, the Defendant is an employer under the Fair Labor Standards Act.

7. Defendant has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is a covered employer under Title VII.

8. Plaintiff, an African American (black) female, was employed by the Defendant from around September 2005 until around November 1, 2013.

9. Plaintiff worked under the title of Lease Records Manager from around 2011 until around November 1, 2013.

10. Plaintiff's job duties as a Lease Records Manager included reviewing oil and gas contracts, running reports, reviewing deeds, and issuing payments for mineral interests.

12. Other persons performing substantially equal job duties included Reece Kepler (white male).

13. Plaintiff had more experience with the company than Mr. Kepler and more qualifications and skills, but was paid significantly less.

14. Plaintiff made less money than Mr. Kepler for equal work when the skills, duties, supervision, effort and responsibilities are taken into consideration.

15. Additionally, Plaintiff was denied pay increases around April, 2012 and November 2012.

16. Plaintiff made multiple complaints that she felt she was being treated differently because she was a black female, including around May 2013 when she made a

complaint to Human Resources, including Amber Withers (HR Coordinator).

17. Mr. Ferdowsian, Prospect Manager, told the Plaintiff that the discriminatory treatment would not change for two reasons – because she was a female and a minority.

18. Plaintiff was terminated around November 1, 2013.

19. The stated reason for the termination was an alleged restructuring of the Plaintiff's department.

20. As a result of the defendant's discrimination and retaliation the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including worry, frustration, sadness and similar unpleasant emotions.

21. At the least the Defendant's conduct was motivated by Plaintiff's race, gender, a combination of race and gender, and/or her complaints of race and gender discrimination.

22. Plaintiff has exhausted her administrative remedies as to the gender claims under Title VII and the OADA, including the claim of discriminatory unequal pay, by timely filing an EEOC charge of discrimination on December 18, 2013. The EEOC issued Plaintiff her right to sue letter for this charge on March 26, 2014 and Plaintiff received such letter thereafter.[1] There is no administrative exhaustion requirement for the claims for discriminatory pay under the Equal Pay Act of the Fair Labor Standards Act or for the race discrimination and retaliation claims under 42 U.S.C. § 1981.

## COUNT I

For Plaintiff's first cause of action she incorporates the allegations set forth above and further provides that:

---

[1] Plaintiff returned to the EEOC on April 2, 2014 and filed a charge of discrimination for race discrimination and retaliation. Plaintiff intends to amend the complaint to include these claims after exhausting her administrative remedies at the EEOC.

23. Discrimination on the basis of gender and/or a combination of gender and race (including unequal pay and discriminatory termination) violates Title VII (including Title VII's gender plus doctrine) and the OADA.

24. Under this Count Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs and liquidated damages under the OADA.

25. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claim.

## COUNT II

For Plaintiff's second cause of action she incorporates the allegations set forth above and further provides that:

26. Discrimination on the basis of race (including discriminatory termination) violates 42 U.S.C. § 1981.

27. Under this Count, Plaintiff is entitled to compensation for her lost wages, emotional distress/dignitary harm damages, attorney fees and costs. Plaintiff is entitled to liquidated damages under the state law claim.

28. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights such that Plaintiff is entitled to an award of punitive damages under the federal claim.

## COUNT III

For Plaintiff's third cause of action she incorporates the allegations set forth above and further provides that:

29. Discrimination on the basis of sex in paying wages to Plaintiff (female) at a rate less than that paid to males is a violation of the Equal Pay Act of the Fair Labor Standards Act.

30. Under this Count, Plaintiff is entitled to compensation for her lost wages, attorney fees and costs.

31. Because the conduct of Defendant was willful, Plaintiff is entitled to liquidated damages.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendant, on all of her claims, and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF JUNE, 2014**.

        HAMMONS, GOWENS & HURST

        s/ Amber L. Hurst
        Mark E. Hammons, OBA No. 3784
        Amber L. Hurst OBA No. 21231
        HAMMONS, GOWENS & hurst
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Facsimile: (405) 235-6111
        Email: Amberh@hammonslaw.com
              Mark@hammonslaw.com
        *Counsel for Plaintiff*
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED